UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUIDIVILLE RANCHERIA OF CALIFORNIA,<br>Plaintiff,<br>v.<br>ALAN GINSBURG, et al.,<br>Defendants. | Case No. 26-cv-01578-AGT<br><br>**ORDER ON MOTIONS TO DISMISS**<br>Re: Dkt. Nos. 33, 36 |

Plaintiff and counter-defendant Guidiville Rancheria of California (the Tribe) moves to dismiss counter-claims. Dkt. 33. Defendants and counter-claimants Alan Ginsburg; AHG Group, LLC; and Bluerock Real Estate Holdings, LLC (collectively, Counter-Claimants) oppose dismissal. Dkt. 35. After hearing oral argument on August 21, 2026, the Court now grants Counter-Claimants' request for limited jurisdictional discovery and denies without prejudice the Tribe's motion to dismiss.

Counter-defendant Upstream Point Molate LLC (Upstream) also moved to dismiss. Dkt. 36. Counter-Claimants opposed. Dkt. 44. At the hearing, the Court granted Upstream's motion to dismiss with leave to amend. Oral Argument at 1:12:00–15:35.[1]

/ / /

[1] Citations to argument in this order refer to time stamps from the audio recording of the Court's August 21, 2026, hearing. Upon request, the Court can provide access to the recording. Any such requests should be filed on the Court's docket.

### 1. Counter-Claimants' Request for Jurisdictional Discovery Is Granted[2]

Counter-Claimants concede that there is no applicable waiver of the Tribe's sovereign immunity currently before the Court. Oral Argument at 6:00–49. However, they argue that they have reason to believe that such a waiver exists. *Id.* So, in opposing the Tribe's Federal Rule of Civil Procedure 12(b)(1) motion to dismiss, Counter-Claimants seek jurisdictional discovery. Dkt. 35. The Tribe opposes any discovery, replying that jurisdictional discovery would be an impermissible fishing expedition. Dkt. 43 at 6–8.[3]

Counter-Claimants argue that the Tribe's preliminary injunction motion included declarations from Donald Duncan, the Tribe's Chairperson, and David Galarza, a member of the Tribal Council. Dkt. 35 at 6 & 8. Duncan explains that any waiver must be adopted via resolutions passed by the Tribal Council. Dkt. 12-1. Galarza explains that he searched the relevant records and found a waiver in connection with certain documents at issue, but did not find any waivers as to Counter-Claimants. Dkt. 12-2. However, Counter-Claimants argue that Galarza failed to attach any of the referenced resolutions or quote relevant language from those resolutions, and failed to explain the Tribe's record retention policies or how he searched. Dkt. 35 at 8.

Jurisdictional discovery is left to the trial court's discretion. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). It "may be appropriately granted . . . where a more satisfactory showing of the facts is necessary." *Id.* Here, the undersigned finds that a more satisfactory showing regarding how the Tribe grants waivers, Galarza's search, and the records at issue is required to determine waiver.

---

[2] This order assumes the parties' familiarity with the relevant facts.

[3] References to page numbers correspond to the ECF page numbers at the top of each docketed page.

Accordingly, the Court grants Counter-Claimants jurisdictional discovery. That discovery is limited as follows. Counter-Claimants may depose Duncan and Galarza regarding their declarations, filed at dkts. 12-1 (Duncan) and 12-2 (Galarza). If disputes arise regarding the scope of the depositions, the parties are ordered to meet and confer. *See* AGT Civil Standing Order § VII.B. If they are unable to agree, then the parties may file a joint discovery letter brief. *Id.* The jurisdictional discovery, including the filing of any joint discovery letter, is ordered to conclude by November 2, 2026.

**2. The Tribe's Motion Is Denied Without Prejudice**

In light of the jurisdictional discovery permitted above, the Tribe's Rule 12(b)(1) motion to dismiss is denied without prejudice. Should it prove appropriate, the Tribe may again argue a lack of jurisdiction after the close of jurisdictional discovery.

**3. Upstream's Motion Is Granted**

For the reasons stated at the hearing, Oral Argument at 1:12:00–15:35, Upstream's Rule 12(b)(6) motion to dismiss is granted with leave to amend. Any amended counterclaims are due September 21, 2026.

This order dispenses with dkts. 33 and 36.

**IT IS SO ORDERED.**

Dated: August 25, 2026

Alex G. Tse
United States Magistrate Judge