UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUIDIVILLE RANCHERIA OF CALIFORNIA,<br>Plaintiff,<br>v.<br>ALAN GINSBURG, et al.,<br>Defendants. | Case No. 26-cv-01578-AGT<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 54 |

Upstream Point Molate, LLC (Upstream) moves to dismiss three counterclaims brought against it by Bluerock Real Estate Holdings, LLC (Bluerock), AHG Group, LLC (AHG), and Alan Ginsburg. The claims generally involve allegations that Upstream failed to pay amounts it owed under (i) two promissory notes and (ii) a settlement sharing agreement. *See* dkt. 51 at 8. Upstream seeks to dismiss a counterclaim for breach of contract on the promissory notes, as well as counterclaims for declaratory relief on both the promissory notes and the settlement sharing agreement. *See generally* dkt. 54.

Having heard argument on November 13, 2026, the Court orders as follows:

*Statute of Limitations on the Promissory Notes (Counterclaims Two and Four)*

Counterclaims Two and Four involve the parties' obligations under two promissory notes. The parties appear to agree that, standing alone, the statute of limitations on these instruments expired on March 1, 2018. However, in March 2018, the parties entered into a

subsequent "Settlement Sharing Agreement" (SSA) that discussed the parties' obligations under the notes. The crux of the parties' disagreement is whether this agreement renewed the statute of limitations on the notes under Section 360 of the California Code of Civil Procedure. *See* Cal. Civ. Proc. Code § 360.

As stated on the record at the hearing, the Court intends to give Bluerock, AHG, and Ginsburg an additional opportunity to amend their counterclaims based on the promissory notes. Therefore, it grants Upstream's motion in this respect, with leave to amend as set forth below.

*Declaratory Relief (Counterclaims Three and Four)*

The Court won't dismiss the declaratory relief counterclaims as duplicative. "The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ. P. 57. Although the counterclaims for declaratory relief do overlap with those for breach of contract, the Court finds that, at this stage, these claims may "serve a useful purpose in clarifying the legal relations at issue." *Siino v. Foresters Life Ins. and Annuity Co.*, 133 F.4th 936, 943 (9th Cir. 2025) (citing *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1107 (9th Cir. 2011)). It therefore exercises its discretion to retain these claims at this stage of the litigation. *Allstate Ins.*, 634 F.3d at 1107.[1] Upstream's motion is denied in this respect.

/ / /

/ / /

[1] Counterclaim Four – for declaratory relief based on the promissory notes – may still be time-barred by the statute of limitations on the notes. But the Court won't dismiss it at this stage on the basis that it's duplicative.

Upstream's motion to dismiss is granted in part and denied in part. Leave to amend is granted. By **December 3, 2026**, Bluerock, AHG, and Ginsburg should file an amended answer and counterclaims. Counterclaim defendants may respond by **December 17, 2026**.

This order disposes of dkt. 54.

**IT IS SO ORDERED.**

Dated: November 13, 2026

Alex G. Tse
United States Magistrate Judge